UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

DAVID CRAIG STELLER #93610 , STEVEN JEFFERY COLE II #127885 Et. Al.

(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

V.

JEFF KNAACK    BRANCH COUNTY DEPUTY

PAUL POPE    CLASSIFICATION SGT. BRANCH COUNTY

TODD RILEY    CAPTAIN BRANCH COUNTY

FRED BLANKENSHIP  SHERIFF BRANCH COUNTY

DR. DARYL PARKER    ONLY JAIL PHYSICIAN    Et. Al.

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

**FILED - GR**

December 22, 2025 12:58 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: JV /12-8

**1:25-cv-1869**
**Ray Kent**
**U.S. Magistrate Judge**

## COMPLAINT
*(Print Clearly)*

I. **Previous Lawsuits**
**CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $405.00 filing fee regardless of whether your complaint is dismissed.

A.  Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?    Yes ☑  No ☐

B.  If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

1.  Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

    Western District of Michigan

2.  Is the action still pending?    Yes ☐  No ☑

    a. If your answer was no, state precisely how the action was resolved: Dismissed by immunity

3.  Did you appeal the decision?    Yes ☐  No ☑

4.  Is the appeal still pending?    Yes ☐  No ☑

    a. If not pending, what was the decision on appeal? Did not appeal

5.  Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐  No ☑

    a. If so, explain: Steven Cole II tried to bring an action against a contracted dentist at the Gus Harrison prison.

- 2 -                    (W.D. Mich. Form – Last Revised: September 2021)

II. **Parties**

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff David Craig Steller #93610, Steven Jeffery Cole II #127885

Place of Present Confinement Branch County Jail Cell F-105, and cell F-102
B-103

Address 379 Keith-Wilhelm Dr Coldwater, MI 49036

Place of Confinement During Events Described in Complaint Same F-105,        Same

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1 JEFF Knaack

Position or Title Branch County Jail deputy

Place of Employment Branch County Jail

Address 379 keith-wilhelm Dr Coldwater, MI 49036

Official and/or personal capacity? Official and Personal

Name of Defendant #2 Paul Pope

Position or Title Classification Sergeant

Place of Employment Branch County Jail

Address 379 Keith-WilhelmDr Coldwater, MI 49036

Official and/or personal capacity? Official and Personal

Name of Defendant #3 Todd Riley

Position or Title Captain or Administrator

Place of Employment Branch County Jail

Address 379 keith-Wilhelm Dr Coldwater, MI 49036

Official and/or personal capacity? Official and personal

Name of Defendant #4 Fred Blankenship

Position or Title Sheriff of Branch County

Place of Employment Branch County Sheriff's Office

Address 580 Marshall Rd. Coldwater, MI 49036

Official and/or personal capacity? Official and Personal

Name of Defendant #5 Dr. Daryl Parker

Position or Title Physician to the Branch County Jail population

Place of Employment Branch County Jail

Address 379 Keith-Wilhelm Dr. Coldwater, MI 49036

Official and/or personal capacity? Official and Personal

- 3 -                    (W.D. Mich. Form – Last Revised: September 2021)

III. **Statement of Claim**

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

The Conditions of confinement for pre-trial detainees in the Branch Co. Jail amount to punishment of the detainee and violate due process. Deputy knaack is cruel and has malice towards any inmate he so chooses. The administration is very aware of this, yet he is allowed to continue this abuse on random inmates. Pre-trial detainees should not be subject to this as it bears no form of legitimate security interest or control of the facility. Our freedom of speech has been all but banned, We are not allowed to say what we wish (and get away with it) a "lock-down" is sure to follow. In this Jail the deputies are in charge of sorting and passing out the entire population's medicine, they do not possess the qualifications to do so. On more than a handful of times they have given Steller and Cole II the wrong medicine. The deputies are also to take the initial assessment for emergencies when no medical professionals are in the Jail. When Cole II had a slip-and-fall accident, he grieved this issue, Captain Riley said "We are not required to staff medical 24 hrs. a day". In other words he is deliberately indifferent to inmates emergency medical needs. Steller needed to have rectal surgery after a pallup burst, and prior to returning to this Jail he was in a severe car accident. Both of these examples required a level of care by a physician that cannot be met by Dr. Parker's one day, 2-3 hr visit to the Jail per week. This targeted abuse by deputy knaack is often talked about by other deputies in a Jokingly fashion. In these situations Cole II has been discontinued from the M.A.T or Suboxone program and forced off of this medicine 3 times "Cold-turkey". Due directly to deputy knaack's Overly broad accusation of "diverting or cheeking" the Suboxone, which is unfounded and untrue. When Cole II was sent on a writ for Court in Kent County, a whole M.A.T team put him back on 24 mg's (a high dose), and when returned too Branch county was immediately taken back off "cold-turkey". This has happened twice under deputy knaack by way of Sgt. Popes authority. Both Steller and Cole II have written several unanswered grievances about deputy knaack's continuous abuse of authority and harassment. The inmate guides Current grievance procedures are "No inmate will be penalized for appropriate use of the grievance process. The Jail administrator will attempt to resolve all grievances as soon as possible". To date Cole II has over ten unanswered grievances going back to September of 2025, and at least five list deputy knaack, Captain Riley, and Sheriff Blankenship Et. Al.. Steller has also filed several unanswered grievances about deputy knaack's cruelty and harassment. Both plaintiffs expect this treatment to continue and get worse, and as I (Cole II) am filling out these forms and applications deputy knaack has moved Steller too administrative Segregation Unit B Cell 103 due too Steller's "mouth" as deputy knaack put it. This action is likely to manifest more malice by deputy knaack and others named in this action. This clearly violates several Amendments of the U.S. Constitution, and in no way bears any institutional agenda. This action is for the plaintiff's and any other similarly affected detainee or inmate currently or formerly housed in the Branch County Jail.

- 4 -

(W.D. Mich. Form – Last Revised: September 2021)

IV.  **Relief**

State briefly and precisely what you want the court to do for you.

1.) Immediately restrain deputy knaack from further contact with the plaintiff's. (Through Preliminary injunction/TRO.)

2.) Immediately restrain any deputy from delivering anyone medicine or interfering in a doctors orders, unless otherwise certified or if a legitimate safety or security threat occurs. 3.) Immediately return Cole II to the M.A.T program at his most recent dose of 84 mg's daily, and Insist on humanely discontinuing people in the future i.e. taper-down, or ween-off. 4.) Insist on re-training and classes about not punishing pre-trial detainees, unless for specific punitive situations. 5.) Mandate the administration to Staff medical 24 hrs a day for any and all medical related purposes. 6) Pre-trial detainees retain the right of freedom of speech, Steller should be returned two general population. We also seek compensatory and punitive damages on behalf of all members of the Class.

V.  **Notice to Plaintiff Regarding Consent**

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment.  If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials.  Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates.  Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary.  If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge.  The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

☒  I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

☐  I request that this case be assigned to a district judge.

12/5/25  12/13/2025
**Date**

_Steven J. Cole II_
**Signature of Plaintiff**

**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

                    (W.D. Mich. Form – Last Revised: September 2021)

IN THE UNITED STATES
DISTRICT COURT
FOR THE WESTERN DISTRICT
OF MICHIGAN

## MEMORANDUM OF LAW

## 1) Statement of facts:

The administration of the Branch County Jail is deliberately indifferent towards the statutory and the procedural rights of the population of inmates and detainees housed there. The Captain of the Jail Todd Riley has not allowed for the due process, freedom of speech, or the right to adequate medical care. The deputies are sorting, and passing medicine to people and very often give medicine to the wrong person. Deputy knaack has used his knowledge of detainee Cole II's medical charts to inflict wanton and unnecessary pain to Cole II by getting him discontinued from Suboxone "cold-turkey". This in of itself speaks toward the cruelty as this detainee has had severe withdrawl symptoms 3 times as a direct result. Detainee Steller is now housed in administrative segregation for his "mouth" as deputy knaack has put it. This restricts steller's first amendment rights as he is being punished as a pre-trial detainee for words he used towards deputy knaack, in direct response to deputy knaack harassing and condesending words to steller.

## 2) Arguement:

A) Defendant Todd Riley, ~~sergeant~~ is deliberately indifferent to the medical needs that cannot possibly be met by over-the-phone-assessments of emergencies, or deputies that have no trainning or qualification what so ever to sort or deliver the medicine for the entire Jail. Robins V. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995) see also Hayes v. New York City Dept of Corr, 84 F.3d 614, 621 (2d Cir. 1996)

B) Deputy knaack has harrassed and mentally and constitutionally violated Both Steller and Cole II's protected garuntees. Steller ~~was~~ simply responded too deputy knaack harrassing him at his cell door and now he is in segregation for it. Cole II Suffered greatly between the 3 times of severe withdrawls, the malicious continuous harrassment during these times, and the fact that Cole II was never proven to be in any wrong, yet has been made to suffer 3 times because the administration is only considering deputy knaack's story. Cole II made 2 Sergeants and numerous other deputies aware of deputy knaack consistently getting worse, prior to being taken off of this medicine by the suggestion of deputy knaack that is so overly broad it is unbelieveable. Yet Plaintiff Cole II still has not been responded too about grievances directly related too this.

## MEMORANDUM (Cont'd)

The trier of fact is to consider the following when determining whether this official applied the force "Maliciously and sadistically to cause harm." (1) "the extent of the plaintiff's injuries; (2) the need for the application of force; (3) the correlation [relationship] between that need and the amount of force used; (4) the threat reasonably perceived by the defendants; (5) and "any efforts made by the defendants to temper [decrease] the severity of a forceful response." Romana v. Howarth, 998 F.2d 101, 105 (2d Cir. 1993) (citing Hudson v. McMillian, 503 U.S. 1, 7 (1992)).

⑩ "The due process Clause of the Fourteenth Amendment imposes obligations on governmental officials to safeguard the health and safety of pre-trial detainees... to vindicate these constitutional garuntees, section 1983 provides cause of action for detainees. To state a claim for inadequate medical care, a complaint must allege that: (1) There was an objectively serious medical need; (2) the defendant commited a volitional act concerning the ~~violation of the~~ [detainee's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [detainee]'s medical need; and (4) the defendant acts purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm. Gonzalez v. McHenry Cnty., 40 F.4th 824, 827-28 (7th Cir 2022)

IN THE UNITED STATES
DISTRICT COURT
FOR THE WESTERN DISTRICT
OF MICHIGAN

## MEMORANDUM OF LAW

1) Jones v. Diamond, 636 F.2d 1364 (5th Cir. 1981)

"    Among the constitutional safeguards extended to All prisoners, including those convicted of a crime, are: Security against deprivation of life or property or additional deprivation of liberty without due process by the Fourteenth Amendment, See Wolf v. McDonnell, 418 U.S. 539, 94 S. Ct. 2963, 41 L. Ed. 2d 953 (1974).; freedom of speech by the First Amendment, see Pell v. Procunier, 417 U.S. 817, 94 S. Ct. 2800, 41 L. Ed. 2d 495 (1974). In determining whether conditions of confinement are unconstitutional under the fourteenth amendment, we do not assay seperately each of the institutional practices but look to the totality of conditions. Our task is limited to enforcing constitutional standards rather than assuming superintendence of Jail administration. See Miller v. Carson, 563 F.2d 741 (5th Cir 1977).; Williams v. Edwards, 547 F.2d 1206 (1977).

    The due process clause accords pre-trial detainees rights not enJoyed by convicted inmates. While a sentenced inmate may be punished in any fashion not Cruel and unusual, the due process clause forbids punishment of a person held in custody awaiting trial but not yet adJudged guilty of any crime. Bell v. Wolfish, 441 U.S. 520, 575, n.16, 99 S. Ct. 1861, 1872 n.16, 60 L. Ed. 2d 492 n.16 (1979)."

    As in this case pre-trial detainees retain specific rights that convicted inmates do not. Therefore, if deputy knaack were to be strictly choosing convicted detainees of this Jail to harrass or abuse, or if these acts somehow were related too a legitimate goal and was not arbitrary or purposeless, it would be permissible. As these are contiuous and ongoing with pre-trial detainees, deputy knaack is purposely inflicting punishment and infringing on Constitutional garuntees such as due process and the freedom of speech with out a governmental or institutional goal legitimately inflicted.

2) O'Neill v. Adams Cnty. Jail, 1:23-cv-200 (S.D. Ohio Aug. 12, 2024)

(b) "Pre-trial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to a pre-trial detainees serious medical needs." Hyman v. Lewis, 27 F.4th 1233, 1237 (6th Cir. 2022) (citing City of Revere v. Mass. Gen. Hosp.; 463 U.S. 239, 244 (1983).)

Pg. 1

## MEMORANDUM OF LAW (cont'd)

"Under one framework, adopted in Trozzi v. Lake County, 29 F.4th 745 (6th Cir 2022)," a plaintiff must show that a prison official actually "knew that [the] failure to respond would pose a serious risk to the pre-trial detainee and ignored that risk." "Under the other framework, adopted in Helphenstine v. Lewis County, 60 F.4th 305 (6th Cir. 2023)," "Should [have] known" is enough."

Under Trozzi, "a plaintiff must satisfy three elements for an inadequate-medical-care claim under the Fourteent Amendment"; that (1) the detainee had an "objectively serious medical need," (2) "a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm," and (3) "a prison official actually knew that [the] failure to respond would pose a serious risk to the pre-trial detanee and ignored that risk." Trozzi,

In this case plaintiffs have both been subjected too serious medical needs, and because the Branch County Jail heavily relies upon it's deputies to assess emergencies, knew or at least understood the needs of the detainees and subjected them to an excessive risk of harm, because an on-call physician simply can not assess a situation by phone', Finally, the Jail administrator was aprized of this serious risk when he summoned plaintiff Cole II into his office to interview him after Cole II filed a formal grievance, and can be quoted saying "We are not required to staff medical 24 hrs. a day." Hippa Laws should also be considered non-existent in Branch County Jail, as deputies should not be sorting, handing out, or even be aware of medical conditions because they do not also possess a license or [any] qualifications to do so'. It was this exact reason how deputy Knaack had the knowledge of Cole II being dependant upon a strong medicine such as Suboxone, he was also very aware of the severe withdrawls that Cole II experienced as was several of the inmates and other deputies, on all 3 occasions. Deputy Knaack, Sgt. Pope, and Captain Riley, and Sheriff Fred Blankenship Et. Al. are on numerous grievances that are unanswered as of 12/14/2025, at no time was detainee Cole II in possession or did he do any furtive actions to conceal, cheek, or otherwise divert this medicine. Due to deputy Knaack and Sgt. Pope already being suspicious of Cole II this is why they were in concert to suggest a discontinue too Dr. Parker. Since then Dr. Parker has told detainee Cole II on more than one occassion that "he will put him back on Suboxone as soon as the administration will allow, yet the administration refuses to answer Cole II's grievances, kites, or letters about this."

Pg. 2

IN THE UNITED STATES
DISTRICT COURT
FOR THE WESTERN DISTRICT
OF MICHIGAN

DAVID CRAIG STELLER Et. Al.,
Plaintiff's,

V.

JEFF KNAACK Et. Al.,
Defendants,

DECLARATION OF DAVID C. STELLER

Civil Action No. _____

David Steller herby declares:

I have been housed in the Branch Co. Jail in F-105 from August to December and I am now housed in B-103 which is adseg. I was put in B-Unit Just for the words I chose to use to Jeff Knaack, and nothing else. Mr. Cole II and I have both been a victim of deputy knaack's abuse and harassment. After Cole II broke his elbow is when knaack began to really start on us both for no other reason than, "he could"! Both Cole II and I have also been given the wrong medicine, and I've made incident reports twice. The deputies are who see's us when there isnt a medical professional here, and Dr. Parker (no matter how skilled he is) can not accurately assess or treat emergencies by phone nor with a 2-3 hour visit too this Jail, once a week! I have witnessed Cole II go through absolute hell from severe withdraw(s) twice, and knaack used these opportune times to push him so he could punish him further. Please Stop him and this place from violating these rights, of everyone!

I declare under penalty of perJury that the foregoing is true and Correct.

Executed at Coldwater, MI on 12/15 , 2025.

Signed: _____

IN THE UNITED STATES
DISTRICT COURT
FOR THE WESTERN DISTRICT
OF MICHIGAN

DAVID CRAIG STELLER Et.Al.,
Plaintiff's

v.

JEFF KNAACK Et.Al.,
Defendants

DECLARATION OF JUSTIN J. MALONE

Civil Action No._____

Justin Malone hereby declares:

I've been in Branch Co. Jail since 5/18/2025 and housed in F-201 since 6/06/25. I have personally been disciplined for exercising my right to freedom of speech, as well as I've also witnessed other inmates/detainees being given the wrong medication by deputies. On one occassion an inmate had to go to observation after ingesting other peoples medicine.

I did not see detainee Cole II fall, but I watched him suffer for a week prior to him being hospitalized for surgery to fix his arm. I also have witnessed deputies search his cell, find no evidence of any wrong doing, then take him off his Suboxone "Cold-turkey" for no apparent reason. This search and the ensuing harrassment and abuse was primarily carried out by deputy Knaack and has continued this conduct with both Cole II and Steller, Other deputies must condone this, because they stand by and allow this conduct.

"I Declare under penalty of penjury that the foregoing is true and correct."
Executed at Coldwater, MI on December 14, 2025.  Signed: _____

IN THE UNITED STATES
DISTRICT COURT
FOR THE WESTERN DISTRICT
OF MICHIGAN

DAVID CRAIG STELLER Et. Al.,
Plaintiff's

V.

JEFF KNAACK Et. Al.,
Defendant's

DECLARATION OF DEREK D. SMITH

Civil Action No. _____

DEREK SMITH HERBY DECLAIRS,
I HAVE BEEN HOUSED IN BRANCH COUNTY
JAIl SENSE SEPT. 2025, SENSE I HAVE BEEN HERE.
I HAVE BEEN WITNESS TO THE HARASSMENT AND
UNFADR TREATMENT TO INMATES COLE AND
STELLER, DO TO DEPUTY KNACK AND HIS EXSSESIVE
ABUSE OF POWER, ALSO I HAVE BEEN RECIVING
MEDICATION PASSED BY DEPUTY AND NOT
MEDICAL STAFF, WICH IS A DIRECT
VIOLATION OF MY CONSTITUTIONAL RIGHTS.

I declare under penalty of perjury that the foregoing is true
and correct.

Executed at Coldwater, MI on December 15th, 2025

Signed: _____

IN THE UNITED STATES
DISTRICT COURT
FOR THE WESTERN DISTRICT
OF MICHIGAN

DAVID CRAIG STELLER Et. Al.,
Plaintiff's

V.

JEFF KNAACK Et. Al.,
Defendant's

## DECLARATION OF STEVEN J. COLE II

Civil Action No. _____

Steven J. Cole II herby declares:

I have been in the Branch County Jail as a pre-trial detainee since June 8th, 2025. I have been in the same cell F-102 this entire time. I have been a witness to deputy knaack's beligerant abuse of authority and harassment, I have also been a victim of his unrighteous and cruelty. Deputy knaack has harrased Mr. Steller and I and others for months now. When I stopped responding in a way that he could punish me by, he then fabricated a story about finding that another person was selling Suboxone in the unit I am in, and because I am the only person in this unit that is receiving a dose of that everyday, I'm the guilty one! The "suspicion" was enough for Captain Riley and Sgt. pope to keep me in this unit as punishment and take me off suboxone "Cold-turkey". Even when I went too Kent Co. to face charges on writ and the M.A.T team of counselors and doctor's put me back on this medication, twice more I was stopped "Cold-turkey" upon return too Branch Co. The largest problem is because this jail relies on the deputies for medical purposes and they shouldn't. "I declare under penalty of perjury that the foregoing is true and correct."

Executed at Coldwater, MI on December 14th, 2025    signed: Steven J. Cole II #127885

STEVEN J. COLE II #127885
379 Keith-Wilhelm Dr.
Coldwater, MI
        49036



UNITED STATES
DISTRICT COURT
WESTERN DISTRICT
   OF
MICHIGAN
C/O CLERK OF THE COURT
    399 FEDERAL BLDG.
110 MICHIGAN St. N.W.
GRAND RAPIDS, MI
        49503

